UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN GRIMBALDESTON, et al., | Case No. 25-cv-05649-RFL |
| Plaintiffs, | |
| v. | **ORDER GRANTING RENEWED MOTION TO TRANSFER** |
| SARAYA USA, INC., | Re: Dkt. No. 41 |
| Defendant. | |

Defendant Saraya USA, Inc., has filed a renewed motion to transfer this action to the District of Utah, arguing that recent material developments support the Court taking a fresh look at its request.  (Dkt. No. 41-1 ("Motion").)  Having reviewed the parties' arguments and evidence, Saraya's Motion is **GRANTED** for the reasons discussed below.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

On its renewed Motion, Saraya argues that the feasibility of consolidation of other claims and the convenience of third-party witnesses—two factors courts in the Ninth Circuit consider when determining whether to grant a motion to transfer pursuant to 28 U.S.C. 1404(a)—now weigh in favor of transfer.

First, a factually similar case, *Kinman v. Saraya USA, Inc.*, No. 26-cv-62 ("*Kinman* Action"), filed on the same day as this action by the same counsel who represent Plaintiffs, has been transferred to the District of Utah and this action could be consolidated with the *Kinman* Action.  (Dkt. No. 41-8; *see also* Dkt. No. 41-3 ¶ 3.)  Plaintiffs do not dispute that "judicial economy may be served by consolidating discovery and the factual issues will largely overlap."

1

(Dkt. No. 43 at 18 (citation omitted).)  However, they argue that consolidation would not serve judicial efficiency because this case is procedurally more advanced than the *Kinman* Action, where the complaint has not yet survived a motion to dismiss.  (Dkt. No. 43 at 19.)[1]  Saraya has the better argument.  This case has not advanced to a stage where judicial efficiency would no longer be served by transfer, given the undisputed overlap in facts.  Plaintiffs also raise the possibility of coordination as an alternative to transfer.  (*Id.* at 19–20.)  But, as discussed below, the convenience of non-party witnesses tips the scales and makes transfer appropriate in this case.

Second, Saraya identifies two potential witnesses with relevant knowledge who reside in Utah and who recently left their employment at Saraya, making them non-party witnesses. (Motion at 19–20.)  Saraya's former Vice President of Finance has damages-related knowledge regarding Saraya's pricing and revenue during the time period at issue, and Saraya's former Vice President of Marketing and Creative helped oversee Saraya's marketing of the products at issue. (*Id.*; Dkt. No. 41-2 ¶¶ 12–14.)  Saraya argues that the inconvenience of these non-party witnesses must now be considered.  Plaintiffs respond that any relevant testimony could be elicited via Rule 30(b)(6) depositions.  (Dkt. No. 43 at 13–14.)  But the non-party witness convenience analysis does not require the moving party to show that the non-party is the sole source of the relevant information.  Rather, Saraya's burden is "to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002).  Saraya has met its burden by identifying non-party witnesses likely to have significant firsthand knowledge regarding contested factual issues in the litigation, and Plaintiffs have not identified any non-party witnesses in California.  Therefore, the convenience of non-party witnesses factor weighs in favor of transfer.

The Court previously found that Plaintiffs' choice of forum, the Court's familiarity with

---

[1] There is currently a motion to dismiss pending in the *Kinman* Action.  No. 26-cv-62, Dkt. No. 61 (filed Mar. 11, 2026).

California law, and California's interest in the controversy (notwithstanding Utah's also significant interest in the controversy) weighed against transfer, that the location of evidence and relative congestion of the courts weighed slightly in favor of transfer, and that the remaining factors were neutral.  (Dkt. No. 33 at 2–4.)  However, in light of Saraya's further showing, it has carried its burden of showing that transfer is now appropriate.  Most significantly because of Saraya's showing with respect to the convenience of non-party witnesses, which is often described in the Ninth Circuit as the "most important factor" in the transfer analysis.  *See Hendricks v. StarKist Co.*, No. 13-cv-729-YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (collecting cases).

For the reasons stated above, the Motion to Transfer is **GRANTED**.  The Clerk is directed to transfer this action to the District of Utah.

**IT IS SO ORDERED.**

Dated: March 31, 2026

RITA F. LIN
United States District Judge

3